ADVANCED HYDRAULICS, INC.,
Plaintiff-Appellant,

v.

OTIS ELEVATOR COMPANY,
Defendant-Appellee.

No. 74-1771.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 14, 1975.

Decided May 2, 1975.

Certiorari Denied Oct. 6, 1975.
See 96 S.Ct. 132.

Frank R. Thienpont, Chicago, Ill., for plaintiff-appellant.

John A. Fogarty, Jr., New York City, for defendant-appellee.

Before CLARK, Associate Justice (Retired) *, and SWYGERT and PELL, Circuit Judges.

Mr. Justice CLARK:

This appeal tests the validity of a summary judgment entered by the District Court on the ground of estoppel and laches in a patent infringement suit. It appears that a "hydraulic elevator" patent was applied for on February 16, 1951, by one C. A. Anderson, Jr. and was issued to him on August 4, 1953. In 1967 the patent was assigned to appellant, Advanced Hydraulics, Inc. (Advanced), and on June 30, 1967, counsel for Advanced sent out notices of infringement to some 15 companies operating in the field. One such notice, in the form of a letter, went to the president of appellee, Otis Elevator Company (Otis), and stated, *inter alia*:

> It has come to our attention that you are making and selling products which are an infringement of this patent . . . various models of fork lift trucks manufactured and sold by your Baker Division in Cleveland.
>
> I would appreciate hearing from you within the next twenty (20) days about the consideration you have given this matter.
>
> If I do not hear from you within that time, we will have no alternative but

---

* Associate Justice Tom C. Clark, United States Supreme Court (Ret.) is sitting by designation.

to consider proceeding immediately with appropriate legal action to enjoin you from further manufacture and to recover appropriate damages for past infringement.

On July 5, 1967, Otis replied that it was investigating the charges of infringement and would advise Advanced of the result. Thereafter on August 26, 1967, counsel for Advanced again wrote Otis and inquired how Otis was coming in its investigation, advising that he would be away from the office during the month of September and stating that he was "hopeful that by the time I return I will have heard from you." On September 27, 1967, Otis replied, advising Advanced's counsel that the matter had been investigated and that it had found no infringement. The letter concluded:

> If you persist in your belief that one or more of our trucks infringe this patent and wish to describe to us specifically what structure is believed to constitute this infringement we will be pleased to review our decision.

Otis never received any response to this letter nor did it receive any further details of the infringement from Advanced or its counsel between August of 1967 and the filing of the instant suit in September of 1972.

In 1968, Advanced brought suit for infringement of the same patent against Clark Equipment Company. In April, 1971, a summary judgment was entered in that suit against Advanced, finding non-infringement. This court affirmed. Thereafter, in early 1972, one suit was filed against Hyster Company, which, according to counsel, was subsequently settled, and another against Eaton Corporation. The present suit was filed on September 22, 1972. By that time the patent had expired (August 4, 1970), and the inventor, C. A. Anderson, Jr. had died (1969).

The District Court in the instant action sustained a motion for summary judgment on the ground that the long, unexcused delay between notice of infringement and filing of suit and the resulting damage required a finding that Advanced was guilty of laches and estoppel, which precluded it from recovery. Our careful examination of the record leads us to affirm, although we look with some trepidation on summary judgments in patent cases. Here, there was no genuine issue of fact and no injustice could possibly result from a summary judgment.

## I.

The law of this Circuit on laches and estoppel is clear. Mere delay is not sufficient, but where "deferment of action to enforce claimed rights is prolonged and inexcusable and operates to defendant's material prejudice", laches is "an effectual bar" to recovery. Boris v. Hamilton Manufacturing Company, 253 F.2d 526, 529 (7th Cir. 1956) (Hastings, J.). Laches is an equitable doctrine, "not fixed by any unyielding measure, but to be determined in each case under its factual situation . . . " *Id.* Its use is entirely permissible to prevent injustice. Estoppel, on the other hand, as Judge Lindley once defined it, "arises only when one has so acted as to mislead another and the one thus misled has relied upon the action of the inducing party to his prejudice." Lebold v. Inland Steel Co., 125 F.2d 369, 375 (7th Cir. 1941). Thus as Judge Stevens pointed out in Continental Coatings Corporation v. Metco. Inc., 464 F.2d 1375, 1379 (1972), "there is indeed an important difference between laches and estoppel".

This difference is carried over into the effects that the two defenses have upon litigation. In a patent suit, the effect of laches is merely to withhold damages for infringement prior to the filing of the suit. Estoppel, however, forecloses the patentee from enforcing his patent, and the infringement suit must fail *in toto*. See George F. Meyer Mfg. Co. v. Miller Mfg. Co., 24 F.2d 505, 507 (7th Cir. 1928).

As Judge Stevens said in *Continental*:

> In later cases this circuit has consistently denied the patentee any relief if the evidence of unreasonable and

unexcused delay also disclosed that the patentee's conduct had encouraged the belief that the infringer's business would be unmolested. [464 F.2d at 1380]

The critical fact in identifying an estoppel situation, Judge Stevens explained, is that:

[T]he infringement notice threatening prompt and vigorous enforcement of the patent * * * was then followed by a period of unreasonable and unexcused delay. Having made such a threat, the patentee was thereafter estopped to deny that it was then ready, willing and able to establish the validity of the patent in court if necessary. *Id.*

## II.

■ Contrary to the position of appellant, the existence of other pending litigation over the patent does not automatically excuse delay in the bringing of the suit. It is said that Armstrong v. Motorola, 374 F.2d 764 (7th Cir. 1967), so holds. We think not. It is true that in *Motorola* Judge Cummings quotes from Montgomery Ward & Co. v. Clair, 128 F.2d 878, 883 (8th Cir. 1941) to the effect that:

An inventor is not required to litigate the validity of his patent against every possible infringer. A suit pending to sustain the validity of a patent is notice to all infringers of the insistence of the patentee upon his claimed rights.

However, in both *Motorola* and *Clair*, the infringers had actual notice of the pending litigation, and both holdings are, therefore, so limited. Here there was no actual notice to Otis, either alleged or proven.

It is a misreading of *Motorola* to view it as decided on the basis that "other litigation" was pending. It is true that Motorola, the alleged infringer, was actually notified of a pending case against RCA on the same patent, but the *Motorola* result was based neither on such notice nor on the existence of the RCA suit. As Judge Cummings specifically held:

In Lebold v. Inland Steel Co., 125 F.2d 369, 375 (7th Cir. 1941), certiorari denied, 316 U.S. 675, 62 S.Ct. 1045, 86 L.Ed. 1749, Judge Lindley thoroughly explored the estoppel doctrine. As noted there, "Estoppel arises only when one has so acted as to mislead another and the one thus misled has relied upon the action of the inducing party to his prejudice." Here Major Armstrong [the patentee] never abandoned his position that Motorola and other companies not licensed under his FM patents were infringers. Also, Motorola did not rely upon any inaction of Major Armstrong but instead decided in late 1941 that it was not infringing his patents and therefore would not take a license. Accordingly, the defense of estoppel must fail. [374 F.2d at 770.]

It should be noted that the *Motorola* appeal did not involve a laches defense since it had been earlier rejected by the trial court and was not raised on appeal. The crucial fact in the case, as indicated in the opinion, was that Motorola over the years, had not relied on the delay of the patentee but rather relied solely on its own determination of non-infringement.

■ Furthermore, there are decisions before and after *Motorola* in this Circuit which refused to excuse laches because of other pending litigation. See Anchor Stove and Range Co. v. Montgomery Ward Co., 114 F.2d 893, 895 (7th Cir. 1940); Baker Manufacturing Co. v. Whitewater Mfg. Co., 430 F.2d 1008, 1014–1015 (7th Cir. 1970). In addition, the Sixth Circuit in American Home Products Corporation v. Lockwood Mfg. Co., 483 F.2d 1120, 1123 (6th Cir. 1973) rejected the "suggestion that the existence of other litigation automatically excuses any delay in bringing suit", commenting that "we are unable to find any authority for the proposition that the existence of 'other litigation' is a complete

bar to the assertion of a laches defense." 483 F.2d at 1123. We therefore, conclude that *Motorola* does not control here. Moreover, we believe that the better practice is that notice of "other litigation" must be given to all known parties who are thought to be infringers; otherwise manifest injustice would result.

### III.

■ Even if, under *Motorola* and *Clair*, the existence of "other litigation" did amount to some sort of constructive notice to Otis of the intention of Advanced to press its claim, the peculiar facts of this case would nonetheless require a decision in favor of Otis under general principles of estoppel. The exchange of correspondence between Advanced's counsel and Otis is the critical element in the case as far as Otis' plea of estoppel is concerned. As we have shown, the initial letter of Advanced's counsel threatened immediate legal action, if Otis sent no reply within 20 days. In reply, Otis did not adopt a firm noninfringement position. It indicated that it perceived no infringement in light of the breadth of Advanced's claims, but suggested that if Advanced were to supply more specifics as to its claims, Otis would then re-evaluate its position. Advanced, however, elected not to reply to the Otis letter, although it had a virtual duty to give some type of answer.[1] In the absence of any further word from Advanced for five full years, it was natural for Otis to be encouraged to believe that its business could proceed unmolested. We note that Otis had been manufacturing hydraulic lift trucks and elevators since 1943 and its predecessor had done so long before that. As alleged in

its answer, and uncontradicted in the record, Otis proceeded to make substantial investments in its business with relation both to elevators and trucks, and its business grew extensively between June, 1967 and September 22, 1972.

As we have indicated, *Continental, supra,* is controlling. Here the critical fact, as there, was the failure of Advanced over a five-year period to follow up on its threat of prompt and vigorous enforcement of its patent. It is, as held in *Continental,* therefore estopped. Advanced would distinguish *Continental* on the ground that the length of the delay was not unconscionably great.[2] The case at bar, however, is the stronger of the two. In *Continental* there was no request for particulars nor a duty to supply them; the 8-year period of delay was broken by repeated claims; and the period of complete silence only lasted three years. Furthermore, prejudice to the alleged infringer in *Continental* was simply presumed. *See* Baker Mfg. Co. v. Whitewater Mfg. Co., 430 F.2d 1008, 1009–10 (7th Cir. 1970). The facts here are more compelling.

In addition to the failure of Advanced to give notice of pending litigation or even to respond to Otis' September 27, 1967 letter, the record shows that Otis raised an affirmative defense in the trial court. It contended that Anderson reduced his invention to practice in 1945, some six years before he filed his patent application. If true, Anderson would be precluded from enforcing his patent. *See* Levinson v. Nordskog, 301 F.Supp. 589 (C.D.Cal.1969). In support of its claim, in 1973, during discovery proceedings, Otis secured a witness, Duncan, who recalled the crucial date as 1945 but who later, while the motion for summary

---

1. Advanced's original letter spoke only in general terms, about infringements in "various models of fork lift trucks" produced by Otis. It appears to us that Otis' request for additional information about the claimed infringement was reasonable and necessary to a fair determination by Otis of the nature of the situation, and produced what may be perceived as a duty to respond.

2. While we have not made an exhaustive search of the cases, two have come to our notice where the length of delay was less than 5 years: Kimberly Corporation v. Hartley Pen Company, 237 F.2d 294 (9th Cir. 1956), where the period was 4 years, and *Continental, supra,* where the period of continuous delay without a claim of infringement was 3 years.

judgment was under advisement, changed his mind and recalled the date to be 1947. Since Anderson is dead, the crucial witness on this question is unavailable, and Otis is advised that there are no records. Hence, Advanced's delay in filing the suit has sorely prejudiced Otis, and injustice may well result unless the equitable defense of estoppel is allowed.

The undisputed facts here make up a classic case for the application of equitable relief. *See* Gillons v. Shell, 86 F.2d 600 (9th Cir. 1963), where it is said:

> A court of equity will refuse relief after inexcusable delay because of the difficulty, if not the impossibility, of arriving at a safe and certain conclusion as to the truth of the matters in controversy and doing justice between the parties, where the evidence has been lost or become obscured through the loss of documents, or through death or disappearance of one or more of the participants in the transaction in suit . . . while the rule requires for its support no element of estoppel, but is founded on public policy, the fact that the delay has tended to defeat defendant's power to prove his right is an additional reason for its application. [86 F.2d at 609].

*See also* Technitrol, Inc. v. Memorex Corp., 376 F.Supp. 828, 835 (N.D.Ill.1974) (suit foreclosed by laches where patent had expired).

The following elements join together to estop Advanced from enforcing its patent: (1) Advanced threatened immediate suit but failed to take any action on this threat for five full years; (2) Advanced failed to respond in any way to Otis' request for particulars of the alleged infringement; (3) there was no notice, actual or constructive, of any pending litigation regarding the same patent; and (4) Otis was seriously prejudiced in the loss by death of a crucial witness.

The judgment is, therefore, affirmed.