ADVANCED HYDRAULICS,
INC., Plaintiff,

v.

EATON CORPORATION, Defendant.

No. 72 C 2456.

United States District Court,
N. D. Illinois, E. D.

June 16, 1976.

Frank R. Thienpont, Chicago, Ill., for plaintiff.

Teare, Teare, Sammon, Cleveland, Ohio, for defendant.

MEMORANDUM OPINION AND ORDER

FLAUM, District Judge:

■ This cause comes before the court on the motion of defendant, Eaton Corporation ("Eaton"), for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Although the defendant previously has presented a motion for summary

judgment in this case, which was denied on February 3, 1975, because of a subsequent clarification of law this court shall treat this motion as a motion for reconsideration and therefore is not precluded from rendering judgment.

The complaint in this action alleges that defendant infringed U.S. Patent No. 2,647,-590 relating to hydraulic elevators which was held by plaintiff, in that defendant manufactured and sold lift trucks embodying the invention claimed in the plaintiff's patent during the years prior to the filing of this suit. Because the patent had expired in August, 1970, over two years prior to the instigation of this action, neither injunctive relief nor damages accruing after suit are being sought. Defendant has denied the complaint's allegations and seeks a declaratory judgment that the patent was invalid.

Defendant's argument in this motion for summary judgment is that plaintiff's claim for damages should be barred by reason of *laches* and estoppel. After reviewing the exhibits and the memoranda filed by counsel for both parties, this court, finding no genuine issue as to any material fact, holds that the defendant is entitled to judgment as a matter of law on the grounds of *laches*.

The facts relevant for the determination of the issues raised by this motion are as follows. On February 16, 1951, Carl A. Anderson, Jr. ("Anderson") filed an application for a patent relating to hydraulic elevators which was granted on August 4, 1953, as U.S. Patent No. 2,647,590. In March, 1967, Anderson and other persons organized Advanced Hydraulics, Inc., ("Advanced"), plaintiff in this action, and thereupon assigned to it the Anderson patent. Eaton was engaged in the business of manufacturing lift trucks for at least four years prior to Anderson's application for a patent.

On June 30, 1967, Advanced sent a letter to Eaton stating that "various lift truck models EST manufactured by your Automatic Lift Truck Division and Yale lift trucks K 58–020" were infringing Advanced's patent No. 2,647,590 relating to hydraulic elevators. Advanced suggested that Eaton accept a licensing arrangement and that if the situation of infringement was not resolved, litigation for injunctive relief and damages would ensue.

Eaton responded to the June 30, 1967 Advanced letter on July 17, 1967. In that July 17 letter, Eaton took the position that it was not infringing any valid patent held by Advanced. Thus, Eaton immediately took a position of noninfringement in its relation to Advanced's claims. After July 17, 1967 there was no contact between Advanced and Eaton until the present action was filed in 1972, over five years later.

One other fact is of great importance. In 1969, the inventor Anderson died. As there is a critical question raised by defendant as to the date of reduction to practice of the invention concerned in this litigation, the loss of the inventor as a witness constitutes the loss of a material witness to the defendant.

The defendant argues that the five-year delay by Advanced in carrying out its threat of suit has caused it injury and therefore the plaintiff is barred, as a matter of equity, from bringing this action. Although the defendant couches his equitable argument in terms of "estoppel," this case is appropriately resolved on the ground of *laches*.

The case which is controlling in this litigation is *Technitrol, Inc. v. Memorex Corp.,* 376 F.Supp. 828 (N.D.Ill.1974), *aff'd per curiam and lower court opinion adopted by court,* 513 F.2d 1130 (7th Cir. 1975). In that case the court explained in full the applicability of the doctrine of *laches* to unexcused delays in carrying out threats of the initiation of patent suits. In *Technitrol,* the court held that where the plaintiff was only seeking damages for *past* infringement, and no prospective relief was sought, summary judgment on the basis of *laches* is appropriate. *Id.* at 831. "In order to effectively assert the defense of laches," the court said, "two elements must be present. First, there must be a lack of diligence on the part of the plaintiff. Second, there must be

injury to the defendant due thereto." *Id.* at 830–31. The facts in *Technitrol* and the facts in the case at bar are almost identical. In both cases there were initial threats of suit by the patentee with a subsequent delay after the alleged infringer asserted a firm position of noninfringement. While it is true that the delay in *Technitrol* was styled as one of 18 years, and the delay in this case is five years, both delays are sufficiently unreasonable that a court of equity should act where it finds detriment to the defendant. *Baker Mfg. Co. v. Whitewater Mfg. Co.,* 430 F.2d 1008 (7th Cir. 1970) (6-year delay); *Kimberly Corp. v. Hartley Pen Co.,* 237 F.2d 294 (9th Cir. 1956) (cited by court in *Technitrol*; involved a 4-year delay).

■ Therefore, the unexcused delay of five years is sufficient to sustain a finding of *laches* as a matter of law where detriment to the defendant is found.

Moreover, the injuries suffered by the defendants in this case and in *Technitrol* are the same. In both cases a key witness for the defense died and the defendant's position in the litigation was adversely affected. As the court found in *Advanced Hydraulics, Inc. v. Otis Elevator Co.,* 525 F.2d 477 (7th Cir.), *cert. denied,* 423 U.S. 869, 96 S.Ct. 132, 46 L.Ed.2d 99 (1975), the loss of the inventor of a patent as a witness when the issue of reduction to practice is raised, "sorely prejudice[s]" a defendant. *Id.* at 482. Furthermore, in both cases there is the continuing operation of the business by the defendants that was allowed to occur by the plaintiffs' failure to assert their claims in a timely manner.

Therefore, in the case at bar, the two requirements for establishing *laches* to bar plaintiff's action are met and summary judgment as a matter of law is appropriate.

Plaintiff, however, has raised several points which merit consideration but which do not alter the ultimate disposition of this cause.

■ First, plaintiff argues that the injuries sustained by defendant were not due to reliance on plaintiff's failure to sue quickly. Plaintiff relies on the Seventh Circuit's method of distinguishing *Armstrong v. Motorola, Inc.,* 374 F.2d 764 (7th Cir. 1967) in *Advanced Hydraulics, Inc. v. Otis Elevator Co.,* 525 F.2d 477 (7th Cir.), *cert. denied,* 423 U.S. 869, 96 S.Ct. 132, 46 L.Ed.2d 99 (1975). In *Otis,* one of the actions filed by the plaintiff prior to instigation of the present suit, the court stated that where the alleged infringer takes a position of noninfringement, as in *Motorola,* at the time that the initial notice of infringement is given by the plaintiff-patentee, the defense of estoppel cannot be raised. The asserted rationale for this rule is that the defendant did not rely on the plaintiff's failure to sue in a timely manner, but rather on its own belief that it was not infringing the plaintiff's patent. The plaintiff's reliance on this interpretation of *Motorola,* however, is misplaced. Assuming such an interpretation of *Motorola* can be reconciled with the decision in *Continental Coatings Corp. v. Metco, Inc.,* 464 F.2d 1375 (7th Cir. 1972), which was factually similar to *Motorola* and where a noninfringement position was taken and an estoppel was still found against the patentee on a motion for summary judgment, the case at bar does not rest on estoppel theory, but rather on the doctrine of *laches.* As the court recognized in *Otis,* " '[T]here is indeed an important difference between laches and estoppel'. . . ." 525 F.2d at 479, quoting *Continental Coating Corp., supra* at 1379.[1] As mentioned previously, in *Technitrol* a firm position of noninfringement was immediately taken by the defendant. 376 F.Supp. at 831–32. Moreover, the court in *Technitrol* stated that the delay in bringing the action caused the defendant to continue to hold its position so that failure to bring suit by the

1. Unlike *laches,* estoppel requires that the party asserting the estoppel defense prove reliance on the acts of the party against whom the estoppel is asserted. *See Lebold v. Inland Steel Co.,* 125 F.2d 369, 375 (7th Cir. 1941). Thus, while *laches* merely examines the conduct of the actor to evaluate whether his conduct should preclude him from asserting his claim, estoppel also takes note of the actions of the party asserting the estoppel.

plaintiff *caused* the defendant to rely on the position it took. *Id.* Therefore, the fact that Eaton took a firm position of noninfringement at the time if received the notice of infringement is not a bar to raising the defense of *laches* against Advanced.

 Second, plaintiff argues that defendant had notice of the fact that plaintiff intended to assert his rights to the patent monopoly through plaintiff's filing of suit in 1968 against Clark Equipment Co. Eaton, however, did not have actual knowledge of the filing of this suit until after the initiation of proceedings presently before the court. This fact is established by the uncontroverted affidavit of Joseph R. Teagno, attorney in patent matters for Eaton, who stated that he was unaware of the action against Clark Equipment Co. Plaintiff has not offered any evidence of its own to controvert this affidavit, nor has it shown that it attempted to notify Eaton of the litigation pending against others. Plaintiff merely asserts that it is possible that others in the Eaton organization may have known of the other pending litigation prior to the initiation of this action against Eaton. However, mere speculation is insufficient to controvert the Teagno affidavit, which was made by the individual who was in the best position to know whether there was any pending litigation going on which might affect Eaton's patent policy. Therefore, this court finds that Eaton did not have prior knowledge of the other pending litigation filed by Advanced prior to the institution of this law suit. As the court in *Technitrol* held, only where there is *actual knowledge* of the filing of the prior litigation will there be a possibility that *laches* will not lie. 376 F.Supp. at 833. Moreover, in *Otis,* the Seventh Circuit, in dicta, indicated that even actual knowledge by the defendant of the prior pending litigation may not bar the assertion of the defense of *laches.* 525 F.2d 480–81. Therefore, plaintiff's assertion on this point is without merit.

Finally, in light of the disposition of this case on the grounds of *laches,* and this court's reliance on *Technitrol* rather than *Otis,* the plaintiff's retroactivity argument is found to be without merit.

 Therefore, in the case at bar, summary judgment is appropriate on the equitable defense of *laches.* Not only was there an unexcused delay of five years in filing suit by the plaintiff, the defendant has suffered an injury by the loss of a crucial witness on its behalf. In the interest of fairness and equity, those who are granted a monopoly under the patent system have an obligation to enforce their rights in a timely manner. And, where the defendant has suffered a detriment, a court of equity will bar a plaintiff whose institution of the action was unexcusably delayed.

It is so ordered.