Cecil W. VAN'T VELD, Plaintiff,

v.

HONEYWELL, INC., Defendant.

Civ. A. No. 76–2152.

United States District Court,
District of Columbia.

Nov. 30, 1977.

Sheridan L. Neimark, Browdy & Neimark, Washington, D. C., for plaintiff.

Kevin E. Joyce, Washington, D. C., for defendant.

OPINION

JOHN LEWIS SMITH, Jr., District Judge.

Plaintiff Cecil van't Veld instituted this action charging that Honeywell, Inc. has

infringed his 1962 patent on a "Paper Form Guide", a device which serves as a paper receptacle for computers with high-speed printers. He seeks damages for past infringement and an injunction against future infringement. Defendant Honeywell contends that these remedies are barred by laches and estoppel, respectively, because Mr. van't Veld waited eight years after learning of the alleged infringement before initiating legal process. The matter is before the Court on defendant's Motion for Summary Judgment.

Plaintiff's patent was issued on October 5, 1962. In January, 1968, through counsel, plaintiff wrote to Honeywell, enclosing a copy of his patent and inquiring whether "Honeywell might be interested in reviewing the patent with a view toward securing a license thereunder." In April, 1968, Honeywell replied that it had "no interest in acquiring a license under the patent."

Mr. van't Veld claims that it was over six years later, in December, 1974, before he first learned that Honeywell computers were equipped with paper form guides similar to the one he designed. Accordingly, in March, 1975, his attorney wrote to Honeywell stating that Mr. van't Veld had inspected the Honeywell Type 222 Printer and had concluded that it embodied the subject matter of the 1962 patent. Later, in October, 1975, he demanded that Honeywell remove these devices from its computers. Honeywell did not comply with this request, and Mr. van't Veld filed suit in November, 1976.

■ Where "deferment of action to enforce claimed rights is prolonged and inexcusable and operates to defendant's material prejudice", laches bars recovery. *Boris v. Hamilton Manufacturing Company*, 253 F.2d 526, 529 (7th Cir. 1956). After a delay of six years or longer, the patentee shoulders the burden, weighted by a presumption that the alleged infringer has been damaged, of excusing the delay in seeking judi-

cial relief. *Baker Manufacturing Company v. Whitewater Manufacturing Company*, 430 F.2d 1008 (7th Cir. 1970), *cert. denied*, 401 U.S. 956, 91 S.Ct. 978, 28 L.Ed.2d 240 (1971). *Cf.* 35 U.S.C. § 286 (damages in patent suit limited to those sustained within six years of filing of complaint). Estoppel arises "only when one has so acted as to mislead another and the one thus misled has relied upon the action of the inducing party to his prejudice." *Lebold v. Inland Steel Co.*, 125 F.2d 369, 375 (7th Cir. 1941), *cert. denied*, 320 U.S. 787, 64 S.Ct. 197, 88 L.Ed. 473 (1943); *Advanced Hydraulics, Inc. v. Otis Elevator Company*, 525 F.2d 477 (7th Cir. 1975).

Honeywell has been marketing its Type 222 Printer since 1966 and, according to Mr. van't Veld, began infringing on the patent no later than early 1968. From 1967 to 1972, plaintiff worked as a computer systems analyst at the Military Sealift Command, which employed a Honeywell Type 222 Printer on its computer. While plaintiff denies having inspected that, or any other Honeywell computer, the record shows that plaintiff's former attorney, in a September, 1968 letter to IBM, claimed that "Mr. Van't Veld and I have recently examined a Honeywell Series 200, Type 222 Printer and we would like to interest them in securing a nonexclusive license under this patent." Moreover, in August, 1969, plaintiff attended a computer school in Northern Virginia in order to learn how to program Honeywell computers. The computer used in the school had a Type 222 printer.

Plaintiff contends that Honeywell's response to his initial inquiry "lulled him to sleep on his rights". *See Technitrol, Inc. v. Memorex Corporation*, 376 F.Supp. 828, 832 (N.D.Ill.1974), *aff'd*, 513 F.2d 1130 (7th Cir. 1975). He states that he had construed Honeywell's expressed disinterest in acquiring a license under the patent to be an indication of disinterest in the device itself rather than the license. Under these cir-

cumstances, he argues, his belated discovery should not bar his claim.

■ Nevertheless, the cases uniformly require a higher degree of diligence than that displayed here. *See e. g., Advanced Hydraulics, Inc. v. Otis Elevator Company, supra; Continental Castings Corporation v. Metco, Inc.,* 464 F.2d 1375 (7th Cir. 1972). Disregarding the assertion in the 1968 letter to IBM that plaintiff had inspected a Type 222 printer,* plaintiff's lack of curiosity with regard to the use of his patent is remarkable. For whatever reason, plaintiff by his own admission failed to inspect the Honeywell printer at the place he worked for five years and at the Honeywell computer school he attended for one week. After the initial inquiry in 1968, he waited seven years before contacting Honeywell again. During this period, having no cause to believe that its use of the disputed device would be contested, Honeywell invested heavily in production of the 222 printer. *See George Meyer Mfg. Co. v. Miller Mfg. Co.,* 24 F.2d 505 (7th Cir. 1928); *Continental Castings Corporation v. Metco, Inc., supra.* In addition, plaintiff has lost many documents and materials central to resolution of this dispute. His memory has faded on several important questions, and witnesses have left defendant's employ.

Accordingly, defendant's Motion for Summary Judgment will be granted.

* *See* Rule 56(c) of the Federal Rules of Civil Procedure.