Arthur E. JENSEN, Plaintiff-Appellant,

v.

WESTERN IRRIGATION AND MANUFACTURING, INC., Edw. J. Franzwa, B. J. Peters, Mary Byers, Personal Representative of E. A. Byers, AND L. J. Kann, Defendants-Appellees.

No. 78–1550.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 3, 1980.

July 3, 1980.

Decided As Amended on Denial of Rehearing Sept. 22, 1980.

---

Frederick E. Mueller, Los Angeles, Cal., argued for plaintiff-appellant; Arthur L. Whinston, Klarquist, Spakman, Campbell, Leigh, Hall & Whinston, Portland, Or., on brief.

John M. McCormack, Portland, Or., argued for defendants-appellees; J. Pierre Kolisch, Kolisch, Hartwell, Dickinson & Stuart, Portland, Or., on brief.

Before TANG, SCHROEDER and NELSON, Circuit Judges.

SCHROEDER, Circuit Judge:

Appellant Jensen filed suit alleging infringement of a patent and seeking damages and an injunction barring future infringement. This is an appeal from the district court's judgment adopting a magistrate's findings and dismissing of Jensen's infringement action due to laches. The finding of laches is fully supported and we affirm the dismissal of Jensen's claim for past damages. In order, however, to support a dismissal of Jensen's request for prospective relief, there must also have been an additional showing of conduct by the patentee justifying reliance, by the alleged infringers, on the assumption that Jensen did not intend to enforce his patent against them. The court below did not consider whether the defendants-appellees made such a showing of estoppel in this case. We remand the matter for a determination of whether Jensen should be estopped from receiving prospective relief.

In 1962 Jensen received a patent on a device that automatically levels the sprinkler heads on movable irrigation systems. Sometime later, E. A. Byers began manufacturing and selling the Byco leveler, a device which Jensen alleges infringed his patent. The appellees in this appeal are Mary Byers as personal representative of Byers' estate and others involved in the manufacture and sale of the Byco device.

The magistrate found that Jensen first learned of the existence of the Byco leveler in 1964 or 1965. In 1966 Jensen's patent attorney sent a letter to Byers charging him with infringement of the Jensen patent and threatening suit unless the infringement stopped. After a brief correspondence between the patent attorneys involved, no further action was taken.

On numerous occasions during the next several years Jensen threatened to file suit against various manufacturers and sellers of the Byco device. Prior to the initiation of this litigation, however, Jensen had filed only one infringement action, and that oc-

curred in 1971 against a company known as Ireco. That litigation was settled and Ireco is not a party in this appeal. This litigation was not commenced until August, 1974, eight to ten years after Jensen had notice of alleged infringements.

## LACHES

■ In a patent infringement case the plaintiff may recover no damages for past infringement if the defendant establishes laches. For purposes of laches the relevant time period begins to run when a patentee has either actual or constructive knowledge of the alleged infringement. A delay of six or more years triggers a presumption that the delay is unreasonable and shifts the burden to the plaintiff patentee to prove that the delay was excusable. *Whitman v. Walt Disney Prod., Inc.*, 263 F.2d 229 (9th Cir. 1958); *Gillons v. Shell Co. of California*, 86 F.2d 600 (9th Cir. 1936), *cert. denied*, 302 U.S. 689, 58 S.Ct. 9, 82 L.Ed. 532 (1937); *Baker Manufacturing Co. v. Whitewater Manufacturing Co.*, 430 F.2d 1008 (7th Cir. 1970), *cert. denied*, 401 U.S. 956, 91 S.Ct. 978, 28 L.Ed.2d 240 (1971).

■ The magistrate found that Jensen learned of the existence of the Byco leveler in 1964 or 1965. The magistrate also heard evidence establishing the existence in 1966 of an exclusive marketing arrangement between Byers and the predecessor to the appellee Western Irrigation & Manufacturing, Inc. The magistrate concluded that eight to ten years prior to the initiation of this litigation Jensen knew or reasonably could have known of both the existence of the Byco device and the appellees' involvement. The burden was therefore on Jensen to rebut the presumption of laches.

■ Jensen offers three separate grounds in support of this contention that his delay in filing suit was excusable. First, he urges that a patentee need not immediately file suit at a time when the volume of business done by the alleged infringer is not yet large enough to make litigation financially worthwhile. The case law conflicts on the validity of this proposition. *Compare Tripp v. United States*, 406 F.2d 1066, 1071, 186 Ct.Cl. 872 (1969) (plaintiff could reasonably delay filing suit until the extent of infringement made litigation "monetarily ripe") *with Baker Manufacturing Co. v. Whitewater Manufacturing Co.*, *supra* (patentee not permitted to wait silently until litigation became worthwhile). We need not reach this question, however, since Jensen presented insufficient evidence to support such a position in this case. There was evidence that prior to 1968 Byers "wouldn't be eating very much" if he relied solely upon sales of Byco levelers for his income, but Jensen points to no other evidence of Byers' sales and does not attempt to justify delay beyond 1968 on this rationale.

■ Second, Jensen claims that his infringement suit filed in 1971 against Ireco should excuse his delay in filing this litigation. Other litigation does not automatically provide an excuse for the delay. *Baker Manufacturing Co. v. Whitewater Mfg. Co.*, *supra*. In the absence of notice to the alleged infringers that he was delaying enforcement of his patent until conclusion of the Ireco litigation, Jensen may not rely on that litigation as an excuse for his delay. *American Home Products Corp. v. Lockwood Mfg. Co.*, 483 F.2d 1120 (6th Cir. 1973), *cert. denied*, 414 U.S. 1158, 94 S.Ct. 917, 39 L.Ed.2d 110 (1974); *Technitrol, Inc. v. Memorex Corp.*, 376 F.Supp. 828 (N.D.Ill. 1974), *aff'd*, 513 F.2d 1130 (7th Cir. 1975).

■ Third, Jensen claims that the appellees entered court with unclean hands because they maintained a "facade of separation" between the manufacturer and the distributors of the Byco device which made it difficult for Jensen to ascertain who was infringing his patent. The evidence did not show, however, that the defendants provided any false information. At most counsel for one defendant merely refused to volunteer specific information about another defendant and failed to answer one of Jensen's letters. Jensen failed to demonstrate that the appellees entered court with unclean hands.

In addition, Jensen contends that the appellees failed to establish how they were prejudiced by the delay. Prejudice is presumed if a delay of over six years has been established. *Gillons v. Shell Co. of California, supra; Whitman v. Walt Disney Prod., Inc., supra.* Jensen did not rebut this presumption. The magistrate considered extensive testimony concerning the extent of the appellees' business and was justified in ruling that they would be prejudiced by having to dismantle their operations after such an extended delay. *See Whitman v. Walt Disney Prod., Inc., supra; Advanced Hydraulics, Inc. v. Eaton Corp.,* 415 F.Supp. 283 (N.D.Ill.1976).

## ESTOPPEL

A showing of laches alone is insufficient to bar a patentee's request for prospective injunctive relief or damages arising after the filing of the suit. The defendant must also prove estoppel by demonstrating representations or conduct by the patentee which justify a belief by the alleged infringer that the patent will not be enforced against him. The defendant must show that he actually relied on the misleading conduct to his detriment. *Kierulff v. Metropolitan Stevedore Co.,* 315 F.2d 839 (9th Cir. 1963); *TWM Mfg. Co. v. Dura Corp.,* 592 F.2d 346 (6th Cir. 1979); *Advanced Hydraulics, Inc. v. Otis Elevator Co.,* 525 F.2d 477 (7th Cir. 1975), *cert. denied,* 423 U.S. 869, 96 S.Ct. 132, 46 L.Ed.2d 99 (1975); *Continental Coatings Corp. v. Metco, Inc.,* 464 F.2d 1375 (7th Cir. 1972).

The record contains some evidence of misleading conduct on the part of Jensen which may have led the appellees to conclude that Jensen did not intend to enforce his patent. Although Jensen charged various parties with infringement and threatened legal action on more than one occasion, he never took any action against appellees. If a patentee threatens an alleged infringer with prompt enforcement of the patent and then does nothing, that action may be sufficiently misleading to induce the alleged infringer to believe that the objection has been abandoned. *Ad-*

*vanced Hydraulics, Inc. v. Otis Elevator Co., supra; Dymo Industries, Inc. v. Monarch Marking Systems,* 474 F.Supp. 412 (N.D. Texas 1979); *Continental Coatings Corporation v. Metco, Inc., supra.* The district court did not, however, consider this question or enter any finding concerning whether Jensen's conduct justified the appellees' reliance on the belief that Jensen did not intend to enforce his patent against them.

We affirm the district court's finding of laches and dismissal of the claims incurred prior to the filing of the complaint. We remand the matter for a consideration of whether estoppel bars Jensen's claim for prospective relief.

Affirmed in part; remanded in part.