**A.C. AUKERMAN CO., Plaintiff,**

v.

**JASPER CONSTRUCTION COMPANY, Defendant.**

**No. C84–1208A.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Feb. 22, 1985.

William H. Needle, Atlanta, Ga., for plaintiff.

Lee C. Davis, Atlanta, Ga., for defendant.

## ORDER OF COURT

MOYE, Chief Judge.

The above-styled action is again before this Court on the defendant's motion for summary judgment.[1]  A review of the procedural background of this case is necessary to resolve the present motion.

## FACTS

The plaintiff is in the business of building interstate highway median barrier wall by a process called slip forming. These barriers are designed so that a vehicle striking the wall will stay under control. The height of the contoured surface of the wall above the highway is an important factor in designing a safe barrier wall. Plaintiff's Supp. Brief at 2.  If a barrier wall is the same height on each side, it is known as a "symmetrical wall."  If the contours on opposite sides of the wall are at different heights, the wall is called "asymmetrical."  *Id.*  Until 1971, it was not

---

1.  The defendant's Fed.R.Civ.P. 12 (b)(6) motion has been converted into a summary judgment motion because the defendant has relied on matters outside the pleadings.

possible to slip form asymmetrical barrier wall. *Id.* at 3.

In 1971, a friend of the plaintiffs developed a method to slip form asymmetrical barrier wall. Subsequently, both the method of slip forming asymmetrical barrier wall (patent # 133) and the invention itself (patent # 633) were patented by the plaintiff. *Id.* at 4.

In the fall of 1972, the plaintiff discovered that Miller Formless Co. was manufacturing and selling a slip form capable of erecting asymmetrical barrier wall. After several years of unsuccessful negotiations with Miller Formless, the plaintiff filed an infringement action in federal court in Illinois. The Illinois court granted Miller Formless' motion for summary judgment on the grounds of laches and estoppel, and that decision was affirmed by the Seventh Circuit Court of Appeals in *A.C. Aukerman Co. v. Miller Formless Co., Inc.*, 693 F.2d 697 (7th Cir.1982).

On November 9, 1984, this Court held that the Illinois judgment was a "judgment on the merits" for *res judicata* purposes. In addition, this Court found that under *res judicata*, and under the *Kessler* doctrine first articulated in *Kessler v. Eldred*, 206 U.S. 285, 27 S.Ct. 611, 51 L.Ed. 1065 (1907), the defendant in this case, a company that had purchased from Miller Formless a slip form capable of making asymmetrical barrier wall, was protected by the Illinois judgment. The Court deferred the defendant's motion for summary judgment, however, because the plaintiff alleged that, upon further discovery, it could show that this lawsuit involves a different cause of action than the Illinois lawsuit. It is this issue that is presently before the Court.[2]

### Discussion

The plaintiff advances four arguments in support of its contention that this lawsuit

is different than the Illinois suit, and is therefore not barred by *res judicata* or the *Kessler* doctrine.[3] The plaintiff first states that this lawsuit is based on infringing use whereas the Illinois suit was based on infringing manufacture. Second, the plaintiff stresses that the defendant in this action has independently decided to infringe the plaintiff's patent and is therefore not entitled to the protection of the Illinois lawsuit. Third, the plaintiff contends that the defendant is using a different type of slip form than that used by Miller Formless. Finally, the plaintiff argues that the defendant is not protected by the Illinois judgment because it has incorporated the patented slip form into a "larger system." As will be discussed below, this Court finds that none of these arguments has any merit.

### I. *Use v. Manufacture*

■ The plaintiff's first argument is that the previous Illinois judgment does not protect the defendant in this case because that judgment was based on manufacturing the allegedly infringing device whereas this lawsuit concerns the *use* of that device. This argument has no merit for two reasons. First, contrary to the plaintiff's assertions, the previous lawsuit did concern the allegedly infringing use of the plaintiff's patented slip form. The Court in *Aukerman, supra,* stated the following:

> Appellant [Aukerman] cannot escape so easily because this suit essentially concerns the first patent which *covers the method of plaintiff's invention* .... In the license negotiations between the parties ... plaintiff viewed the invention as both apparatus and method and defendant's *alleged intrusion as a single intrusion.*

---

**2.** The defendant has the ultimate burden of persuasion on this issue. This Court found, however, that the defendant presented significant evidence that the patents involved in both suits were the same. Therefore, the plaintiff must demonstrate that a material issue of facts exists as to the similarity of the two lawsuits.

**3.** The Court will not repeat its discussion of the general applicability of these doctrines to this case. This discussion can be found in this Court's order of November 9, 1984.

*Aukerman, supra,* at 700 n. 4. Thus, it is clear that infringing use was a part of the Illinois lawsuit.

■ The plaintiff's independent use argument also fails in light of the Supreme Court's decision in *Kessler v. Eldred,* 206 U.S. 285, 27 S.Ct. 611, 51 L.Ed. 1065 (1907), as interpreted by subsequent case law, which held that the customers of a manufacturer who had previously prevailed in a patent infringement lawsuit were protected by that lawsuit if they bought the completed accused device from the manufacturer. *Id.* at 286–87, 27 S.Ct. at 611–12. *Molinaro v. American Tel. & Tel. Co.,* 460 F.Supp. 673 (E.D.Pa.1978), *aff'd without published opinion,* 620 F.2d 288 (3d Cir. 1980). Therefore, since the defendant in this case purchased the completed slip form from the manufacturer which had previously prevailed in the Illinois lawsuit, the defendant is fully protected by that lawsuit.

## II. *Independent Use*

The plaintiff argues that this lawsuit is different than the Illinois lawsuit because the defendant in this case has independently decided to use the accused device in an infringing manner. The plaintiff discusses at length the fact that the slip form in question can be used either in an infringing or non-infringing manner depending on whether it is used to make asymmetrical or symmetrical barrier wall. According to the plaintiff, because the defendant has decided to use the slip form to make asymmetrical barrier wall, it has independently decided to infringe the plaintiff's patent *and* is not protected by the Illinois judgment.

The plaintiff cites only two cases to support this novel argument and neither case supports the plaintiff's position. In *Rubber Tire Wheel Co. v. Goodyear Tire & Rubber Co.,* 232 U.S. 413, 34 S.Ct. 403, 58 L.Ed. 663 (1914), a person purchased one component from a manufacturer who had previously prevailed in a patent suit and combined that one component with two other components, purchased from third parties, to manufacture an allegedly infringing device. The Supreme Court held that the original manufacturer could not enjoin a suit by the patentee against the customer. *Id.* at 416, 34 S.Ct. at 404. The Court, however, specifically distinguished the facts of *Rubber Tire Wheel* from other cases where the alleged infringer had bought the entire device from the manufacturer. The Court stated the following:

> We may lay on one side the question as to the rights of one purchasing from the [manufacturer] the completed article. Doherty [the alleged infringer] did not purchase it; he made it himself, assembling its various elements for that purpose and effecting the [patented] combination.

*Id.* Furthermore, the Court went on to say that a customer who bought the completed product from a manufacturer who had previously prevailed was entitled to "unmolested" use of the product under the Supreme Court's decision in *Kessler v. Eldred,* 206 U.S. 285, 27 S.Ct. 611, 51 L.Ed. 1065 (1907). *Rubber Tire Wheel* at 418, 34 S.Ct. at 405. Thus, the *Rubber Tire Wheel* decision actually supports the defendant's position, not the plaintiff's.

The other case relied on by the plaintiff, *Aralac, Inc. v. Hat Corporation of America,* 166 F.2d 286 (3d Cir.1948), is equally inapposite. In *Aralac,* the plaintiff was a manufacturer of the raw material casein. The Court simply held that the manufacturer had no right to restrain patent suits against customers who were combining casein with other products in violation of a patented process. *Id.* at 293. This holding, however, provides no support for the plaintiff's position that the defendant in the present action is not protected by the Illinois judgment because it is possible to use the slip form at issue in a noninfringing manner.

■ The defendant in this case purchased from Miller Formless a completed product that had previously been the subject of a patent suit against Miller Formless. Under *res judicata* and the *Kessler* doctrine, the defendant is protected by this judgment. The fact that the defendant is capable of using the device in a noninfring-

ing manner is simply irrelevant to the applicability of the previous lawsuit to the present case. Therefore, the defendant is protected by the previous judgment against the plaintiff despite the fact that the defendant could use the slip form in a noninfringing manner.

### III. *A Different Slip Form*

The plaintiff argues that the defendant is not protected by the Illinois judgment because the slip form being used by the defendant in this case is different than the slip form that was the subject of the Illinois litigation. The plaintiff cites *Young Engineers v. U.S. International Trade Commission,* 721 F.2d 1305 (Fed.Cir.1983), to support its position. The *Young* court stated the following about the res judicata effect of a prior *noninfringement* decision on a later lawsuit:

> With respect to patent litigation, we are unpersuaded that an *'infringement claim,'* for purposes of claim preclusion, embraces more than the *specific devices* before the court in the first suit ....
>
> As the proponent of the defense of claim preclusion, the burden was on [the defendant] to establish the defense by showing that the devices here were the same as those in the 1969 suit. [The defendant] made no attempt to do so, *resting its case on the legal theory that any charge of infringement based on the patent is barred,* a clearly untenable position.

*Id.* at 1316 (emphasis added). Relying on the *Young* decision, the plaintiff claims that there is an issue of fact relating to the similarity between the slip forms used in the two lawsuits and therefore the defendant's motion for summary judgment should be denied.

The flaw in the plaintiff's argument is that, unlike the previous judgment in *Young,* the previous Illinois judgment was

not based upon a finding of noninfringement as to a particular slip form. Rather, the Court found that the plaintiff was *precluded from alleging patent infringement* because of its excessive delay in bringing suit. *See A.C. Aukerman Co. v. Miller Formless Co., Inc.,* 693 F.2d 697, 702 (7th Cir.1982). Thus, the important question in this lawsuit is whether the plaintiff is claiming infringement of the same *patents,* as opposed to devices, as it did in the Illinois lawsuit. If so, the Illinois judgment would bar the present action.

■ The Illinois lawsuit covered any device made by Miller Formless that Aukerman asserted came within the scope of the two patents (Nos. 133 & 633) at issue in the present lawsuit. *See* Jasper's Exhibit E. In fact, the plaintiff does not dispute that the same two *patents* are involved in both lawsuits. Therefore, because the Illinois court held that the plaintiff was estopped from litigating those patents against Miller Formless, the *Kessler* doctrine and the doctrine of *res judicata* preclude the plaintiff from litigating these same patents against the defendant in this case.[4] Therefore, the defendant is entitled to summary judgment even if the plaintiff had raised a factual question concerning the similarity of the *devices* at issue in both lawsuits.

### IV. *The Glare Screen*

The plaintiff's final argument is that the defendant has lost the protection of the Illinois judgment because it is using the slip form involved in that suit to make barrier wall on top of which a "glare screen" is placed. Because this kind of wall, with a "glare screen" on it, was not a part of the Illinois litigation, the plaintiff contends that defendant has lost the protection of that litigation. The only case relied upon by the plaintiff to support this novel argument is the *Rubber Tire* case,

---

**4.** The policies underlying the *Kessler* doctrine would be undermined by allowing Aukerman to harass customers of Miller Formless who relied on the judgment of Miller Formless against Aukerman as to both patents at issue in the case.

discussed in Part II of this order. That case, however, only concerned a manufacturer who combined various noninfringing devices to build one infringing device. *See* discussion in Part II, *supra*. The *Rubber Tire* case simply has no applicability to the present case where the defendant purchased a completed device from a manufacturer who had previously prevailed in a patent infringement lawsuit concerning that device.

■ This Court finds that the subsequent addition or modification of the barrier wall formed by the accused slip form is simply irrelevant to the issues in this case. The defendant used the Illinois slip form to make barrier wall. It is therefore entitled to the protection of the Illinois judgment which precluded the plaintiff from litigating the right of Miller Formless to sell this slip form. Therefore, the plaintiff's final argument is meritless and the defendant is entitled to summary judgment.

In sum, this Court had previously found that the Illinois judgment was a judgment on the merits and that there was privity between the defendant in this case and the defendant in that case. *See* November 7 order at 3–5. And, this Court previously found that the *Kessler* doctrine precluded the plaintiff from suing the customers of the defendant in the Illinois lawsuit for infringement of the same patents involved in that lawsuit. *Id.* 6–8. The only issue left open by this Court's previous order was whether the present cause of action was the same cause of action as the one before the Illinois court. The defendant has proven to this Court that there are no material issues of fact as to this issue and that the two lawsuits are based on the same cause of action. Therefore, under *res judicata* and the *Kessler* doctrine, the defendant is entitled to the full protection of Miller Formless' judgment against the plaintiff. Accordingly, the defendant's motion for summary judgment is GRANTED. This order resolves all of the issues in this case.