DANA CORPORATION, Plaintiff,

v.

IPC LIMITED PARTNERSHIP, et
al., Defendants.

No. 86–CV–70231–DT.

United States District Court,
E.D. Michigan, S.D.

April 6, 1987.

Ernie L. Brooks, Southfield, Mich., for
plaintiff.

Michael R. Dinnin, Birmingham, Mich.,
for defendants.

## MEMORANDUM OPINION AND ORDER

ZATKOFF, District Judge.

This is a patent infringement case. Defendants have moved for summary judgment based on laches, estoppel and acquiescence. Plaintiff has timely responded.

### I. FACTS

On March 3, 1970, patent no. 3,498,621 (hereinafter "621") was issued to an employee of Plaintiff Dana Corporation. The patent described a rubber valve stem seal used in automobiles. The patent had a seventeen year life, which expired on March 3, 1987.

In the early 1970's, Dana began making and selling the valve seals to the Ford Motor Company and General Motors Corporation (hereinafter "Ford" and "GM," respectively). In 1975, Defendant IPC Limited Partnership (hereinafter "IPC") began producing, selling and supplying GM with the same stem seals as Dana's 621 patent. Thus, as of 1975 and thereafter, GM was ordering this part from both parties.

There is no agreement, written or oral, between Dana and IPC allowing IPC to

produce, sell and supply any third-party with parts similar to the 621 patent. On January 17, 1986, Dana filed this lawsuit alleging that IPC violated Dana's patent rights.

IPC has now moved for summary judgment arguing that, in effect, Dana has sat on its rights and has failed to timely enforce the patent. Further, IPC claims that Dana knew of IPC's "infringement" for greater than ten (10) years and failed to act appropriately. Therefore, IPC's motion for summary judgment is based on laches, estoppel and acquiescence.

Summary judgment is appropriate where no genuine issue of material fact remains to be decided and the moving party is entitled to judgment as a matter of law. *Blakeman v. Mead Containers*, 779 F.2d 1146 (6th Cir.1986); Fed.R.Civ.P. 56(c). In applying this standard, the Court must view all materials offered in support of a motion for summary judgment, as well as all pleadings, depositions, answers to interrogatories, and admissions properly on file in the light most favorable to the party opposing the motion. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *United States v. Diebold*, 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed. 2d 176 (1962); *Smith v. Hudson*, 600 F.2d 60 (6th Cir.1979), *cert. dismissed*, 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979). In deciding a motion for summary judgment, the Court must consider "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. 242, 106 S.Ct. at 2512. The Court will address each issue separately.

## II. LACHES APPLIES TO BAR DANA'S CLAIM FOR DAMAGES WHICH MAY HAVE RESULTED FROM PAST INFRINGEMENTS OF THE 621 PATENT

In *MGA, Inc. v. Centri–Spray Corp.*, 639 F.Supp. 1238, 1 U.S.P.Q.2d 1308 (E.D. Mich.1986), this district set out the standards to be used in motions for summary judgment in cases where the alleged infringer is asserting a defense of laches and estoppel. Rather than reinventing the wheel, the Court adopts the exact legal analysis of the district court:

The only statute of limitations applicable to patent infringement cases is set forth in 35 U.S.C. § 286, which provides only that the patentee cannot recover damages for any infringement committed more than six years before the filing of the complaint. In the absence of statutory command, courts have applied the equitable doctrines of laches and estoppel to limit the patentee's right to maintain an action. *See, Anno.*, Laches as Defense in Patent Infringement Suit, 35 ALR Fed. 551. A finding of laches or estoppel is a matter within the trial court's discretion and its decision will not be set aside on appeal absent an abuse of discretion. *Studiengeselschaft Kohle v. Eastman Kodak Co.*, 616 F.2d 1315 [206 USPQ 577] (5th Cir.1980), *cert. denied*, 449 U.S. 1014 [101 S.Ct. 573, 66 L.Ed.2d 473] [208 USPQ 88] (1980). Courts have expressed some reluctance to resolve patent disputes on motions for summary judgment, and it would be an abuse of discretion for the court to make any findings of disputed material facts. *A.C. Aukerman Co. v. Miller Formless Co., Inc.*, 693 F.2d 697, 702 [216 USPQ 863, 867] (7th Cir.1982). The burden is upon the moving party to show conclusively that there are no genuine issues of material fact, and the evidence, together with all of the inferences drawn therefrom, must be considered in the light most favorable to the party opposing the motion. *Watkins v. Northwestern Ohio Tractor Pullers*, 630 F.2d 1155 [208 USPQ 545] (6th Cir.1980).

Laches and estoppel are distinct concepts in patent law. The effect of laches is to withhold damages prior to the filing of the suit, while estoppel forecloses the patentee from gaining prospective relief and results in dismissal of the entire case. *Watkins v. Northwestern Ohio Tractor Pullers*, 630 F.2d 1155 [208 USPQ 545] (6th Cir.1980); *Advanced Hydraulics, Inc. v. Otis Elevator Compa-*

*ny,* 525 F.2d 477 [186 USPQ 1] (7th Cir. 1975), *cert. denied,* 423 U.S. 869 [96 S.Ct. 132, 46 L.Ed.2d 99] [187 USPQ 480] (1975). A plaintiff's claim is barred by laches if he delays enforcing his rights for an unreasonable amount of time and the defendant has been materially prejudiced by the delay. *Watkins,* 630 F.2d at 1159 [208 USPQ at 549]. To establish estoppel, the defendant, in addition to showing laches, must show he was misled by the plaintiff. *Id.,* 630 F.2d at 1160 [208 USPQ at 549].

In order to assert the defense of laches, the defendant must ordinarily prove (1) unreasonable and inexcusable delay by the plaintiff in bringing the enforcement action; and (2) that the defendant was materially prejudiced by this delay. *Leinoff v. Louis Milona & Sons, Inc.,* 726 F.2d 734 [220 USPQ 845] (Fed.Cir.1984). In this Circuit, as in others, if a patentee files suit more than six years after he knew or should have known of the alleged infringement, the delay is presumptively prejudicial and unreasonable, creating a rebuttable presumption of laches. *Watkins, supra; Leinoff, supra; A.C. Aukerman Co. v. Miller Formless Co., Inc.,* 693 F.2d 697 [216 USPQ 863] (7th Cir.1982). To overcome this presumption, the burden is on the plaintiff to (1) rebut the presumption of prejudice; (2) establish that there was a good excuse for the delay; or (3) show that the defendant engaged in "particularly egregious conduct which would change the equities significantly in plaintiff's favor." *TWM Mfg. Co., Inc. v. Dura Corp.,* 592 F.2d 346, 349 [201 USPQ 433, 435] (6th Cir.1979).

*MGA, Inc.,* 639 F.Supp. 1238, 1 U.S.P.Q. at 1309–1310.

The statutory period began to run when Dana had actual or constructive knowledge of the alleged infringing activity. *General Electric Co. v. Sciaky Bros., Inc.,* 304 F.2d 724 [134 USPQ 55] (6th Cir. 1962). In this matter, it is agreed between the parties that IPC began to produce and sell parts similar to Dana's 621 patent in early 1975. Further, affidavits and documents submitted by IPC indicate that Dana was aware of this activity in 1975. IPC's Exhibit "I" is a Dana inter-office memorandum dated March 17, 1975. Specifically, this memo provides:

"As Dick Bohn pointed out in his memo, the T-car valve seals are basically a take-off of [DANA'S] valve seals currently being used on the Chev.–Vega and Ford–Pinto engines.

"For reasons that remain a mystery, Chev.–Flint has elected to source Venray and IPC for the valve seals to be used on T–car engines starting model year 1976.

"We have successfully prevented competitors from encroaching on your valve seal designs in the past, and in fact have only minimal competition from IPC on behalf of the Vega—intake seal at Chev.–Tonawanda. A material change will shortly bring all of this business back to [DANA].

"I would strongly recommend that we utilize our patent coverage to protect our current and future valve seal business."

Dana does not dispute that this is an internal document. It is clear and cannot be disputed that Dana had knowledge in 1975 that IPC was infringing on its patent. Therefore, since Dana's claim was not filed for almost eleven (11) years after notice, a presumption of laches exists. "[T]he burden is now upon [Dana] to show that there are disputed issues of material fact as to whether this delay was excusable, to rebut the presumption of prejudice, or that [IPC] engaged in inequitable conduct." *MGA, Inc.,* 639 F.Supp. 1238, 1 U.S.P.Q. at 1310.

Dana fails to offer any arguments or evidence to overcome the presumption of laches. Accordingly, Defendant IPC's motion for summary judgment on the issue of laches is GRANTED and Plaintiff Dana is barred from recovering any pre-suit damages.

### III. A MATERIAL ISSUE OF FACT EXISTS WHICH PREVENTS THE APPLICATION OF ESTOPPEL TO BAR PLAINTIFF'S CLAIM

Again, the *MGA* decision is dispositive on the rule of law applicable to this action:

Estoppel, having more drastic consequences than laches, requires greater proof. To work an estoppel, the defendant must show, in addition to laches, that he was misled in some fashion by the plaintiff. *TWM Mfg. Co., Inc. v. Dura Corp.*, 592 F.2d 346, 350 [201 USPQ 433, 436] (6th Cir.1979). To bar prospective relief, the defendant must show either misrepresentations, affirmative acts of misconduct, or intentionally misleading silence by the plaintiff. *Watkins*, 630 F.2d at 1160 [208 USPQ at 549].

> The elusive doctrine of equitable estoppel at least requires representations of conduct which justify an inference of abandonment of the patent claim or that the plaintiff has induced the infringer to believe that its business would be unmolested. For silence to work an estoppel, some evidence must exist to justify an inference that the silence was sufficiently misleading to amount to bad faith.

*TWM*, 592 F.2d at 350 [201 USPQ at 436]. It has been held that this determination "can be based on the objective facts, and [the court] need not delve into the defendant's subjective beliefs." *Aukerman*, 693 F.2d at 702 [216 USPQ at 864].

*MGA, Inc.*, 639 F.Supp. 1238, 1 U.S.P.Q.2d at 1312.

In October of 1975, Dana and IPC representatives met to discuss a possible relationship in the valve stem seal business. Present at the meeting was Dana's president (Ben Basile), sales manager (Carl Sharp) and Larry Harrison (chief engineer). Dana was adament in requiring IPC to stay out of this business. IPC's Exhibits "U," "V," and "Y." Not until Dana had lost its entire business with GM did it notify IPC of the alleged infringement and required it to desist production and sales. See Plaintiff's Exhibit "F", Dana's letter to IPC dated May 28, 1985.

The law applicable to Defendant's claim is stated in *MGA, Inc.*:

> The Sixth Circuit has held that where there is a long period of silence after a threat of enforcement, but not a threat of immediate enforcement, the patentee will not be estopped from bringing an enforcement action. *Watkins*, 630 F.2d at 1160 [208 USPQ at 549]. However, the *Watkins* court expressly refrained from deciding whether estoppel would be appropriate where the patentee threatened suit within a certain time, or where it failed to respond to the defendant's request for particulars. *Id.*, 630 F.2d at 1160, n. 5 [208 USPQ at 549, n. 5]. In that footnote, the court referred to the Seventh Circuit case of *Advanced Hydraulics, Inc. v. Otis Elevator Company*, 525 F.2d 477 [186 USPQ 1] (7th Cir. 1975), *cert. denied*, 423 U.S. 869 [96 S.Ct. 132, 46 L.Ed.2d 99] [187 USPQ 480] (1975). The facts and reasoning of *Advanced Hydraulics* were well summarized in the opinion of the court:
>
> > The exchange of correspondence between Advanced's counsel and Otis is the critical element in the case as far as Otis' plea of estoppel is concerned. As we have shown, the initial letter of Advanced's counsel threatened immediate legal action, if Otis sent no reply within 20 days. In reply, Otis did not adopt a firm noninfringement position. It indicated that it perceived no infringement in light of the breadth of Advanced's claims, but suggested that if Advanced were to supply more specifics as to its claims, Otis would then re-evaluate its position. Advanced, however, elected not to reply to the Otis letter, although it had a virtual duty to give some type of answer. In the absence of any further word from Advanced for five full years, it was natural for Otis to be encouraged to believe that its business could proceed unmolested.
>
> *Advanced Hydraulics*, 525 F.2d at 481 [186 USPQ at 4]. The court went on to hold that the patentee was estopped from bringing its enforcement action.

*MGA, Inc.*, 639 F.Supp. 1238, 1 U.S.P.Q. at 1312–1313.

In this matter, the Court finds that there exists a genuine issue of material fact as to when IPC was threatened with enforcement of Dana's patent. If it was in 1975,

and Dana failed to follow through with its threat, then IPC would be misled and estoppel would bar Dana's claim. If, however, the threat did not occur until 1985, estoppel would not bar this suit.

Since there exists a material issue of fact as to when Dana threatened enforcement, the Court may not enter summary judgment. Therefore, IPC's Motion for Summary Judgment based on estoppel must be DENIED.

## IV. ACQUIESCENCE DOES NOT APPLY

Defendant IPC argues that Dana's acquiescence of IPC's sales prevents Dana from prosecuting this lawsuit. However, the theory of acquiescence is incorporated into the laches and estoppel defense and thus is inapplicable in a patent action. Therefore, Defendant's motion for summary judgment based on Dana's acquiescence is DENIED.

IT IS SO ORDERED.