**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

EAT RIGHT FOODS LTD.,

        Plaintiff-counter-
        defendant-Appellant,

v.

WHOLE FOODS MARKET, INC.,

        Defendant,

 and

WHOLE FOODS MARKET SERVICES,
INC.; WHOLE FOODS MARKET
PACIFIC NORTHWEST INC.,

        Defendants-counter-
        claimants-Appellees.

No.   18-35473

D.C. No. 2:13-cv-02174-RSM

**MEMORANDUM**[*]

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Argued and Submitted June 10, 2019
Anchorage, Alaska

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  TASHIMA, W. FLETCHER, and BERZON, Circuit Judges.

Eat Right Foods Ltd. ("Eat Right") appeals the district court's grant of summary judgment to defendants Whole Foods Market Services, Inc., and Whole Foods Market Pacific Northwest, Inc. (collectively, "Whole Foods") and its denial of Eat Right's cross-motion for summary judgment in Eat Right's suit for trademark infringement and other related claims.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

"We apply a hybrid standard of review to grants of summary judgment on the basis of laches."  *Eat Right Foods Ltd. v. Whole Foods Mkt., Inc.* (*Eat Right I*), 880 F.3d 1109, 1115 (9th Cir. 2018) (citing *In re Beaty*, 306 F.3d 914, 921 (9th Cir. 2002)).  We review de novo "whether the district court inappropriately resolved any disputed material facts in reaching its decision."  *Id.* (internal quotations and citation omitted).  However, we review for abuse of discretion the application of the laches doctrine to the undisputed facts of a particular case.  *Id.*

Laches is an equitable doctrine "derived from the maxim that those who sleep on their rights, lose them."  *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 997 (9th Cir. 2006) (per curiam).  At the first step of the laches analysis, the court identifies the most analogous state statute of limitations.  *Tillamook Country Smoker, Inc. v. Tillamook Cty. Creamery Ass'n*, 465 F.3d 1102, 1108 (9th Cir.

2

2006). "If the plaintiff filed within that period, there is a strong presumption against laches. If the plaintiff filed outside that period, the presumption is reversed." *Id.*

We held in *Eat Right I* that "it was not an abuse of discretion for the district court to rule that [Eat Right] had constructive knowledge of Whole Foods' alleged infringement prior to December 2010." *Eat Right I,* 880 F.3d at 1117. *Eat Right I* did not decide whether the district court accurately determined that Eat Right had constructive notice in early 2010, specifically February or March 2010. *See id.* We now hold that the district court could permissibly find Eat Right had constructive notice of Whole Foods' alleged infringement in early 2010, at which point Whole Foods had publicized the Eat Right America campaign on its website and rolled out the campaign in its stores. The district court therefore did not abuse its discretion by identifying the start of the laches period as "early 2010," and so Eat Right's delay in filing suit exceeded Washington state's three-year statute of limitation for trade name infringement. *Id.* at 1115–16. The strong presumption is therefore that laches applies.

To rebut the presumption, Eat Right needed to "show that its delay in suing was nonetheless reasonable." *Id.* at 1117. In *Eat Right I*, we instructed the district court to analyze the reasonableness of Eat Right's delay "as if [Eat Right] delayed

filing suit because it was trying to settle its claims against Whole Foods." *Id.* at 1119. We are not persuaded that the district court consistently followed this command on remand. As in its prior summary judgment order, the district court repeatedly characterized Eat Right as being motivated by a desire to capitalize on Whole Foods' efforts, rather than by a genuine desire to settle.

Nonetheless, we conclude that the district court did not abuse its discretion in determining that Eat Right's attempts to settle with Whole Foods, even if genuine, were unreasonable. Settlement efforts only justify delay where those efforts have "a fair chance of success." *A.C. Aukerman Co. v. Miller Formless Co., Inc.*, 693 F.2d 697, 700 (7th Cir. 1982). Here, Whole Foods repeatedly declined Eat Right's offers to sell its brand, including in August 2013, after the settlement with a third party of Eat Right's trademark registration dispute. The state statute of limitations would have expired by then, so any further delay occurred within the period that a strong presumption favoring a finding of laches was in effect. Eat Right did not file suit until December 2013. Even if Eat Right "delayed filing suit because it was trying to settle its claims against Whole Foods," *see Eat Right I*, 880 F.3d at 1119, the district court could nonetheless find that Eat Right's expectation of a positive settlement outcome involving a sale of its brand had become unreasonable by the time the state statute of limitations expired, and that in light of

4

the state of settlement negotiations, the presumption that further delay would trigger a laches finding was not overcome.

A defendant asserting the laches defense must also show prejudice to itself during the plaintiff's delay in filing suit. *Id.* Although two types of prejudice can give rise to laches, the district court only relied on expectations-based prejudice. Expectations-based prejudice arises where "a defendant . . . took actions or suffered consequences that it would not have, had the plaintiff brought suit promptly." *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 955 (9th Cir. 2001).

Contrary to Whole Foods' argument, "at least some reliance on the absence of a lawsuit" is necessary to show prejudice. *Seller Agency Council, Inc. v. Kennedy Ctr. for Real Estate Educ., Inc.*, 621 F.3d 981, 989 (9th Cir. 2010). But there is evidence of such reliance here. It is undisputed that Whole Foods said in April 2012 that it would phase out the "Eat Right America" campaign to avoid a trademark dispute. The district court acted within its discretion to rely on this evidence and conclude that Whole Foods would have acted differently had Eat Right filed suit earlier.

Contrary to Eat Right's assertions, the doctrine of "willful infringement" does not preclude the laches defense here. A plaintiff can prevail on the "unclean hands" counter-defense to laches "only if the court is left with a firm conviction"

5

that the defendant acted willfully. *Jarrow Formulas Inc. v. Nutrition Now Inc.*, 304 F.3d 829, 842 (9th Cir. 2002). This is a demanding standard. *See id.* Eat Right's circumstantial evidence that Whole Foods must have known it was infringing because it carried Eat Right cookies is not sufficient to show unclean hands. As in *Jarrow*, though Whole Foods' hands "are not as 'clean as snow,'" neither do "its actions rise to the level of unclean hands." *See id.* (citation omitted).

Because we affirm the district court on the basis of laches, we need not reach the question whether Whole Foods was also entitled to summary judgment on the basis of acquiescence and express no views as to that question.

**AFFIRMED.**