**Linda SMITH, Personal Representative of the Estate of Michael Antonio Smith, Plaintiff,**

v.

**Marc HILL, Defendant.**

**Linda SMITH, Personal Representative of the Estate of Michael Antonio Smith, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Nos. 89–CV–72977–DT, 90–CV–70095–DT.**

United States District Court, E.D. Michigan, S.D.

June 22, 1990.

Gerard T. Gilboe, Harris and Mooney, Detroit, Mich., for plaintiff.

William L. Woodard, U.S. Attys. Office, Detroit, Mich., for defendants.

**ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

HACKETT, District Judge.

Each defendant in the above-captioned companion cases has filed a motion for summary judgment.

---

It is undisputed that on the morning of June 1, 1987, defendant Marc Hill (Hill), an agent of the United States Drug Enforcement Agency (D.E.A.), shot Michael Antonio Smith (Smith) to death. Plaintiff Linda Smith charges four counts in her complaint against Hill: (I) violations of Smith's civil rights pursuant to the First, Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution as well as 42 U.S.C. §§ 1983, 1985(2) and (3), 1986, and 1987; (II) trespass; (III) plaintiff's cause of action survives the death of Smith; and, (IV) violations of the laws and Constitution of Michigan.

The complaint against the United States alleges a cause of action under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671 *et seq.*, and 42 U.S.C. § 1983.

## I.

Defendants submit that the following facts gave rise to Smith's death.

At approximately 12:05 a.m. on the morning of June 1, 1987, Hill and D.E.A. agent Darryl Qualls (Qualls) experienced car trouble in Detroit's Greektown neighborhood. Rafic Diab (Diab), a passer-by, offered them assistance and drove them to a Total gasoline station at East Jefferson Avenue and the Chrysler Freeway. Unable to find the help they needed there, Hill and Qualls approached two back-to-back public telephones at the station and each placed a call.

While the agents spoke on the telephones, a Chevrolet Blazer with a driver and three passengers quickly approached them and stopped. Smith and another male, Raymond White (White), exited the vehicle and told the agents to get off the telephones because they had to make an immediate call. Smith stated that he was a "dope dealer" and showed Hill an activated paging beeper. Another male, James Floyd (Floyd), then left the Blazer carrying a baseball bat. Hill drew his firearm, identified himself as a police officer, and ordered Floyd to put the bat back into the vehicle. Qualls placed his hand on his own weapon. Smith returned to the Blazer and Hill ended his telephone call.

Smith then left the Blazer and told Hill and Qualls that he was going to make a call to verify that the agents really were police officers. After quickly using the telephone Smith and White converged on Hill, but Qualls intervened to prevent them from grabbing Hill's firearm. Floyd then approached them with the baseball bat. The officers fled down East Jefferson Avenue, but the three pursued them. Smith and White knocked Hill to the ground and when he got up either White or Floyd again showed the baseball bat. Hill then drew his weapon and told the three to back off, but Smith continued to approach him saying that Hill's gun was only a toy. Hill threatened to shoot him, but Smith continued to advance. When Hill released two warning shots into the ground, Smith still came forward telling Hill that he had only fired blanks. Hill gave a final verbal warning, but Smith ignored it and kept moving forward. Hill then fatally shot Smith three times in the torso in self-defense.

## II.

■ Federal Rule of Civil Procedure 56(c) provides that a court may enter an order of summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The summary judgment procedure is not a disfavored shortcut, but rather is "an integral part of the Federal Rules as a whole, which are designed 'to secure the just speedy and inexpensive determination of every action.' Fed.Rule Civ.Proc. 1." *Celotex Corporation v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986); *Cloverdale Equipment Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir.1989).

To obtain an order of summary judgment, however, the movant bears a considerable burden. The court may grant such a motion

only if it finds from the whole record before it that there are no material facts which are in dispute. It may not make

findings of disputed facts on a motion for summary judgment. The movant has the burden of showing conclusively that there exists no genuine issue as to a material fact and the evidence together with all inferences to be drawn therefrom must be considered in the light most favorable to the party opposing the motion. The movant's papers are to be closely scrutinized while those of the opponent are to be viewed indulgently. *Watkins v. Northwestern Ohio Tractor Pullers Assn.*, 630 F.2d 1155, 1158 (6th Cir.1980) (citations omitted); *see also Ghandi v. Police Dept. of the City of Detroit*, 747 F.2d 338 (6th Cir.1984), *cert. denied, sub nom. Ghandi v. Fayed*, 484 U.S. 1042, 108 S.Ct. 774, 98 L.Ed.2d 861 (1988).

When the moving party has established that there is no issue of material fact and that the party is entitled to judgment as a matter of law, then the opposing party assumes the burden to come forward with "specific facts showing that there is a genuine issue for trial." *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 270, 88 S.Ct. 1575, 1583, 20 L.Ed.2d 569 (1968). In order to survive a motion for summary judgment, the opponent must demonstrate that the issue which requires a trial is necessary and relevant for resolution of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Metaphysical doubts will not constitute material facts to defeat the motion. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

### III.

In support of this motion, defendants have submitted copies of witness statements made to the Detroit Police Department later in the day of June 1, 1987, by White, Floyd, and Jackie White (the third passenger in the Blazer when it drove into the gasoline station). They have also presented the witness statements of Diab, Hill and Qualls.

All these statements verify that Hill was using the telephone, identified himself as an officer when Smith insisted on placing a call, was threatened with a baseball bat, and fell to the ground; that Smith pursued Hill, refused to retreat, and ignored the agent's warning shots. The essentials of all seven statements agree that Hill shot Smith in response to aggression and in self-defense. Based upon defendants' submissions, the court thus finds that there is no fact for a jury to determine.

When the movant on a motion for summary judgment has established that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law, then the opposing party assumes the burden to come forward with "specific facts showing that there is a genuine issue for trial." *Cities Service*, 391 U.S. at 270, 88 S.Ct. at 1583. Plaintiff has failed to do so. No facts have been presented to the court that dispute the contents of the seven witness statements and no response has been made to the United States' motion for summary judgment. Plaintiff has presented no alternative theory as to the cause of the shooting, leaving the court further reason to conclude that Hill acted in self-defense.

The Supreme Court held in *Graham v. Connor*, —— U.S. ——, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989) that *"all* claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach." 109 S.Ct. at 1871. (emphasis in original). In light of the undisputed facts of this case, Hill's actions were reasonable under the circumstances and defendants are entitled to summary judgment as a matter of law.

Accordingly, defendants' motions for summary judgments in these matters hereby are GRANTED. All other pending motions are moot.

SO ORDERED.