**UNITED STATES of America, Plaintiff**

**v.**

**Charles William O'BRIEN, Defendant**

**No. C–2–01–842.**

United States District Court,
S.D. Ohio,
Eastern Division.

Feb. 26, 2003.

Deborah F. Sanders, U.S. Attorney's Office, Columbus, OH, for plaintiff.

Charles William O'Brien, Columbus, OH, pro se.

*Opinion and Order*

HOLSCHUH, District Judge.

This is an action to reduce a criminal judgment for victim restitution to a civil judgment. In 1995, defendant Charles William O'Brien pleaded guilty to bank fraud and money laundering and was sentenced, *inter alia,* to pay $2,042,700 in restitution to the Resolution Trust Company. The complaint alleges that O'Brien has not satisfied his obligation to pay restitution to plaintiff on behalf of the Federal Deposit Insurance Corporation, the successor to the Resolution Trust Company. The complaint asserts claims for unjust enrichment and conversion.

This matter is before the Court on plaintiff's September 30, 2002 motion for summary judgment (doc. 41) and on defendant's October 21, 2002 cross motion for partial summary judgment (doc. 44). For the reasons that follow, plaintiff's motion is granted and defendant's cross-motion is denied.

## I. Background

The following facts, developed from exhibits submitted by the Government, are not disputed by O'Brien. On September 5, 1995, O'Brien pleaded guilty to fourteen counts of bank fraud and four counts of money laundering. Compl., Ex. A, *United States v. O'Brien,* Case No. CR2–93–152 (S.D.Ohio). The court sentenced him to forty-one months of imprisonment and

three years of supervised release. The court ordered O'Brien to pay restitution to certain financial institutions, including the Resolution Trust Company, whose successor is the Federal Deposit Insurance Company. O'Brien was ordered to pay $2,042,700 in restitution to the Resolution Trust Company for losses to Freedom Federal Savings, Merit Savings and Loan, and Lyndon Guaranty Trust. Additionally, the court ordered O'Brien to pay $1,330,145 in restitution to Banc One Columbus, N.A.

The Government has submitted the affidavit of Cloteal J. Turner, a collection agent/legal technician in the Financial Litigation Unit of the United States Attorney for the Southern District of Ohio. Compl., Ex. B, Aug. 31, 2001 Aff. of Cloteal J. Turner, ¶ 1. She is responsible for the collection file in Case No. CR2–93–152. *Id.,* ¶ 2. O'Brien has paid a total of $205 toward the entire restitution order of $3,372,845. The $205 payment was not applied to the amount due the FDIC. *Id.,* ¶ 3. O'Brien still owes the full $2,042,700 in restitution to the FDIC, a point O'Brien does not challenge.[1]

## II. Summary Judgment

Summary judgment is governed by Rule 56(c) of the Federal Rules of Civil Procedure which provides:

The judgment sought shall be rendered forthwith if the pleadings, depositions,

---

1. Earlier in this litigation, O'Brien disputed whether he owed any money at all upon the expiration of his period of supervised release on September 27, 2000. O'Brien maintained that once his term of supervised release expired, so too did his obligation to pay restitution.

The Court rejected this contention. The Court held that, at the expiration of O'Brien's period of supervised release, his restitution obligation did not expire, it became delinquent. Aug. 20, 2002 Opinion and Order (doc. 39).

O'Brien filed a third party complaint against Bank One and a counterclaim against the Government alleging that they had wasted his assets and thereby prevented him from paying the restitution. O'Brien's claims were dismissed in the Court's August 20, 2002 Opinion and Order.

Pursuant to the September 5, 1995 Amended Judgment in Case No. CR2–93–152, certain property of O'Brien's was forfeited and sold. The net proceeds did not produce any excess to apply to the restitution amount. Doc. 30, Ex. E.

answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

"[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (emphasis in original); *Kendall v. The Hoover Co.,* 751 F.2d 171, 174 (6th Cir.1984).

Summary judgment will not lie if the dispute about a material fact is genuine; "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 247–248, 106 S.Ct. 2505. The purpose of the procedure is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried. *Lashlee v. Sumner,* 570 F.2d 107, 111 (6th Cir. 1978). Therefore, summary judgment will be granted "only where the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is, ... [and where] no genuine issue remains for trial, ... [for] the purpose of the rule is not to cut litigants off from their right of trial by jury if they really have issues to try." *Poller v. Columbia Broadcasting System, Inc.,* 368 U.S. 464, 467, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962); accord, *County of Oakland v. City of Berkley,* 742 F.2d 289, 297 (6th Cir.1984).

In a motion for summary judgment the moving party bears the "burden of showing the absence of a genuine issue as to any material fact, and for these purposes, the [evidence submitted] must be viewed in the light most favorable to the opposing party." *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970) (footnote omitted). Inferences to be drawn from the underlying facts contained in such materials must be considered in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *Watkins v. Northwestern Ohio Tractor Pullers Association, Inc.,* 630 F.2d 1155, 1158 (6th Cir. 1980).

If the moving party meets its burden and adequate time for discovery has been provided, summary judgment is appropriate if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The mere existence of a scintilla of evidence in support of the opposing party's position will be insufficient; there must be evidence on which the jury could reasonably find for the opposing party. *Anderson,* 477 U.S. at 251, 106 S.Ct. 2505 (quoting *Schuylkill and Dauphin Improvement Co. v. Munson,* 14 Wall. 442, 448, 20 L.Ed. 867 (1871)). As is provided in Fed.R.Civ.P. 56(e):

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Thus, "a party cannot rest on the allegations contained in his ... [pleadings] in opposition to a properly supported motion for summary judgment against him."

*First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 259, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968) (footnote omitted).

### III. Discussion

■ There is no factual dispute that, as part of the criminal judgment in Case No. CR2–93–152, O'Brien was ordered to pay $2,042,700 in restitution to the Resolution Trust Company. *See United States v. Joseph,* 914 F.2d 780, 786 (6th Cir.1990) (noting that where a victim seeks to reduce a criminal judgment for restitution to civil judgment, the defendant is "estopped from denying the essential allegations of the offense"). Further, it is undisputed that O'Brien has not satisfied any part of that obligation.

■ As discussed in the Court's August 20, 2002 Opinion and Order, O'Brien's obligation to pay restitution became delinquent upon the expiration of his period of supervised release in September 2000. *See United States v. Rostoff,* 164 F.3d 63, 66 (1st Cir.1999) (stating that if the sentencing court does not make payment due sooner, "payment *must* fall due by the end of the period of supervised release") (emphasis in original); *United States v. Soderling,* 970 F.2d 529, 535 & n. 12 (9th Cir. 1992). Once the obligation became due, the United States was free to pursue judgment in a civil action, and it has done so here. *See Joseph,* 914 F.2d at 786; *Rostoff,* 164 F.3d at 67.

■ O'Brien raises only one defense. He argues that this action is barred by the doctrine of *res judicata.* In *United States v. O'Brien,* Case No. CR2–93–152 (S.D.Ohio), O'Brien was ordered to pay $2,042,700 in restitution to the Resolution Trust Company for losses to Freedom Federal Savings, Merit Savings and Loan, and Lyndon Guaranty Trust. The losses to Freedom Federal Savings, Merit Savings and Loan, and Lyndon Guaranty Trust were the subject of civil litigation in state court in the early 1990s. *See* Def.'s Cross Mot. For Summ. J., attached exhibits. The state court issued judgment decrees in foreclosure in favor of Freedom Federal Savings, Merit Savings and Loan, and Lyndon Guaranty Trust for their losses. O'Brien contends that the claims pressed in this action—unjust enrichment and conversion—should have been brought in the state court action and thus are barred by *res judicata.*

■ When a court of competent jurisdiction has entered final judgment on the merits of a cause of action, the parties to the suit and their privies are bound "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." *Cromwell v. County of Sac,* 94 U.S. 351, 352, 24 L.Ed. 195 (1876); *see also Brown v. Felsen,* 442 U.S. 127, 131, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979). The judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever, absent fraud or some other factor invalidating the judgment. *Commissioner v. Sunnen,* 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898 (1948).

■■ *Res judicata* bars not only the relitigation of issues actually litigated but also issues "which could have been raised with respect to that claim." *Westwood Chemical Co., Inc. v. Kulick,* 656 F.2d 1224, 1227 (6th Cir.1981); *see also Brown,* 442 U.S. at 131, 99 S.Ct. 2205. "To constitute a bar, there must be an identity of the causes of action that is, an identity of the facts creating the right of action and of the evidence necessary to sustain each action." *Westwood Chemical Co.,* 656 F.2d at 1227. A key policy concern of *res judicata* is the avoidance of piecemeal litigation. *Id.* at 1229.

*Res judicata* is clearly not applicable, as there is not an identity of the causes of action here and in the state court. Here, the Government seeks to reduce a criminal judgment for victim restitution to a civil judgment. In the state court, Freedom Federal Savings, Merit Savings and Loan, and Lyndon Guaranty Trust filed claims against O'Brien (and others) for default on promissory notes secured by mortgage deeds. The state court found that O'Brien had defaulted on the notes and entered judgment decrees in foreclosure. O'Brien is correct that the two actions are related in the sense that they concern the losses suffered by Freedom Federal Savings, Merit Savings and Loan, and Lyndon Guaranty Trust. However, the causes of action are distinctly different. The state action was based on O'Brien's default on promissory notes, while this action is based on O'Brien's failure to obey the restitution order from Case No. CR2–93–152. The Government's cause of action had not yet accrued when the state action was commenced.

## IV. Conclusion

For the reasons stated above, plaintiff's September 30, 2002 motion for summary judgment (doc. 41) is GRANTED and defendant's October 21, 2002 cross motion for partial summary judgment (doc. 44) is DENIED.

The Clerk shall enter judgment in favor of plaintiff the United States of America in the amount of $2,042,700 plus post-judgment interest.